CHARLES CARREON (CSB #127139)
3251 E. Blacklidge
Tucson, Arizona 85716
Tel: 628-227-4059
Email: chas@charlescarreon.com

Attorney for Plaintiff Stephenie Sapp

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEPHENIE SAPP, | ) Case No.: 8:19-cv-00032 |
|---|---|
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR A CIVIL CASE |
| HECTOR ROMERO-MORAN, | ) ALLEGING NEGLIGENCE |
| Defendant. | ) |

Plaintiff Stephenie Sapp, for her complaint for damages against Hector Romero-Moran, states as follows:

## THE PARTIES

1. Plaintiff Stephenie Sapp (herein "Plaintiff" or "Ms. Sapp") is a resident of the State of Arizona.

2. On the date of the accident giving rise to this action, Hector Romero-Moran ("Defendant") was a resident of the State of California, and upon information and belief, currently resides in San Juan Capistrano, Orange County, California.

## NATURE OF THE ACTION

3. This is an action to recover damages occasioned by the automotive negligence of Defendant.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this matter involving diverse parties in which the matter in dispute exceeds $75,000, exclusive of interest and

costs of court, pursuant to 28 U.S.C. § 1332, because Ms. Sapp has suffered personal injuries of a severe and permanent nature as alleged in substantial detail hereinbelow.

5. This Court has personal jurisdiction over Defendant because he is a resident of San Juan Capistrano, California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(1), and intra district venue is proper because Defendant is domiciled in the Southern District of California.

## FIRST CLAIM FOR RELIEF
### Negligence

7. Plaintiff realleges and incorporates by reference herein each and every allegation set forth herein as if set forth fully hereat.

8. On January 14, 2017, Ms. Sapp was the passenger in a 2000 Toyota Corolla stopped on the side of the road on California on SR-18, 37ft North of SR-38, in an unincorporated area of San Bernardino County.

9. Defendant was driving a 2003 Chevrolet Tahoe on the same icy road, in the same direction as the Corolla stopped on the roadside.

10. Defendant failed to exercise reasonable care in driving his vehicle by driving at a speed excessive for the conditions then and there existing, and due to his negligent driving, lost control of the Tahoe.

11. As a result of Defendant's negligence, as Ms. Sapp sat belted into the passenger seat, Defendant rear-ended the Toyota with the Tahoe.

12. The collision channeled a severe impact into the rear of the Toyota, completely compacting the trunk and hurling Ms. Sapp forward with such force that her fastened seat belt failed to restrain her and her face hit the dashboard, traumatically fracturing her nose and driving fragments of her prescription glasses into her face and nose. She was instantly bleeding profusely and suffering excruciating pain.

13. Ms. Sapp was diagnosed as suffering an open displaced comminuted nasal fracture with multiple deep lacerations to the nose, and foreign bodies lodged in

the stellate wound. She exhibited severe swelling, epistaxis, deep laceration with bleeding involving the bridge of the nose, and deformity.  Multiple foreign bodies were extracted from her face with forceps, the stellate wound was repaired with sutures, bleeding was controlled, and she was discharged with are prescription for painkillers and directions to obtain surgical care.

14.   Although Ms. Sapp was able to schedule a prompt visit to an ear, nose and throat doctor ("ENT"), because of the severity of the fracture, immediate surgery could not be performed.  The ENT removed additional pieces of impacted plastic from Ms. Sapp's face, and re-stitched the wound.  In an unsuccessful effort to push a bone protruding from the left side of her nose back into place by pushing a rod up her nostril, Ms. Sapp suffered the most excruciating pain of her life.  Severely traumatized and dazed from the unsuccessful, agonizing procedure, Ms. Sapp went home and slept twelve hours straight.

15.   When the cast and stitches were removed from Ms. Sapp's face, the protruding bone on the left side of her nose appeared more pronounced, she suffered from nasal obstruction of the left nostril, and was afflicted with pain that restricted making some facial expressions.

16.   Ms. Sapp was unable to obtain surgery for eleven months, during which she suffered increasing, agonizing emotional distress and humiliation from seeing the pink and red scar that slashed diagonally across the bridge of her nose, disfiguring her formerly highly-attractive face.  Seeing pre-accident pictures of herself provoked spontaneous weeping.

17.   Previous to the accident, Ms. Sapp had worked as a hair stylist, a model, and performed background work in motion pictures.  After the accident, she became fearful of meeting her clients in the mirror-lined salon, and did not seek work in the modeling or film industry.

18.   In February 2017 she was diagnosed with depression and prescribed an antidepressant. Towards the end of March, she was diagnosed with General

Anxiety Disorder. Ms. Sapp lost appetite, and although previously slender, her weight decreased by fifteen pounds.

19. Sleep became impossible for Ms. Sapp, due to soreness in her neck and fears for her health and economic future. Her depression worsened, and on May 18, 2017, Ms. Sapp was diagnosed with depression, and was prescribed additional therapy and medication.

20. Some workdays, after a sleepless night of anxious thoughts, Ms. Sapp was too depressed to go to work. She suffered anxiety while driving, and found the commute to work highly stressful, and on occasion, prevented her from even trying to drive to work. In June 2017, Ms. Sapp lost her job when her employers complained that she had been absent too often. At the end of June, Ms. Sapp's relationship with her significant other failed under the strain, and the young man ended the relationship.

21. On December 5, 2018, Ms. Sapp received a septorhinoplasty that corrected much of the dysfunction in her breathing, corrected the displacement of the bone in her nose, and reduced the severity of the scarring; however, the surgeons recommended future surgery to revise residual scarring across the bridge of Ms. Sapp's nose.

22. As a proximate and legal cause of Defendant's negligence, Ms. Sapp has suffered economic damages in the amount of not less than $65,000, inclusive of medical expenses, lost wages, and borrowings necessitated to cover life expenses during her period of unemployment. Ms. Sapp will suffer future economic damages in the form of medical expenses for plastic surgery to complete scar revisions and therapy, at an estimated cost of $100,000. Ms. Sapp will suffer future lost wages in the amount of $20,000. Ms. Sapp has suffered non-economic damages in the amount of $2,000,000, being the reasonable value of suffering agonizing and continuous facial, head, neck, shoulder and back pain due to the initial impact, residual trauma, and painful treatments necessary to treat the

injuries, and the extreme anguish, pain, humiliation, embarrassment, depression, and anxiety that resulted from facial disfigurement, and due to unemployment, poverty, and loss of social status and friendships as a consequence of economic displacement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendant as follows:

1. For past economic damages in the amount of $65,000;
2. For future economic damages in the amount of $100,000;
3. For past and future non-economic damages in the amount of $2,000,000;
4. For all recoverable costs of litigation; and,
5. Such other and further relief that this Court may deem just and proper.

Dated:  January 7, 2019                    CHARLES CARREON
                                           Attorney at Law,

                                           By: /s/ Charles Carreon
                                           CHARLES CARREON (CSB #127139)
                                           Attorney for Plaintiff Stephenie Sapp